UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID A. DEAN,

                                Plaintiff,

    v.                                                      1:22-CV-1014 (GTS/ATB)

JEFFREY GAUL,

                                Defendant.

---

STEPHEN A PECHENIK, ESQ., Attorney for Plaintiff[1]
JEFFREY GAUL, Defendant, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk sent to the court for review a case for which a Notice of Removal ("NOR") was filed by pro se defendant Jeffrey Gaul, purportedly removing a case filed by plaintiff Dean in the Rensselaer County Supreme Court. (Dkt. No. 1). To his NOR, the defendant has attached a copy of the original state court complaint as well as a variety of other New York State court documents. (Dkt. Nos. 1-1-6, Exs. A-F). Defendant has also filed an application to proceed in forma pauperis ("IFP") and a motion to obtain an ECF login and password. (Dkt. Nos. 3, 4).

The court has reviewed the defendants IFP application and finds that he has failed to complete the form properly by leaving certain questions blank. In any event, the court will assume for purposes of this order and report recommendation that defendant meets the financial criteria for IFP because the court also finds that the case

---

[1] The court's electronic filing system has Attorney Pechenik listed as the Rensselaer County Attorney. However, it appears that he was in private practice or was not acting on behalf of the county at the time he filed plaintiff Dean's action in New York State Court. (Dkt. No. 2).

was improperly removed and should be remanded to New York State court.

In addition to determining whether a party meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the pleading lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a party to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when the party has paid the filing fee).

Courts "'liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.'" *New York v. Vidal-Bey ex rel. Jones Rogers*, No. 22-CV-3529 (PKC/MMH), 2022 WL 3867751, at

*1 (E.D.N.Y. August 30, 2022) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)). However, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[2] *Id.* (quoting Fed. R. Civ. P. 12(h)(3)). In the appropriate circumstances, such dismissal may be sua sponte. *See, e.g., Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187 (2d Cir. 2009) (affirming dismissal of pro se complaint for lack of subject matter jurisdiction).

**I.   Facts**

The state court complaint that the defendant wishes to remove to this court involves the contract for sale of the defendant's real property to plaintiff.[3] (Complaint ("Compl.")) (Dkt. No. 2). "On or about July 15, 2018," plaintiff contracted with defendant to purchase defendant's property on an installment basis. (Compl. ¶ 4). For various reasons, the parties agreed that plaintiff could perform some improvements on the property. (Compl. ¶ 9). Plaintiff made a $5,000.00 down payment and proceeded to make the improvements. (Compl. ¶ 5). The complaint alleges that the defendant attempted to change the agreement, but when plaintiff did not agree to all the new terms, defendant told plaintiff to vacate the premises and threatened to have the plaintiff charged with criminal conduct if he did not do so. (Compl. ¶¶ 21-22). Plaintiff

---

[2] Federal courts have an "independent obligation" to consider the presence or absence of subject matter jurisdiction sua sponte. *Leopard Marine & Trading, Ltd. v. Easy Street, Ltd.*, 896 F.3d 174, 181 (2d Cir. 2018) (quoting *In re Quigley Co., Inc.*, 676 F.3d 45, 50 (2d Cir. 2012). Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust*, No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 434-35 (2011)).

[3] In this Order and Report-Recommendation, my references to the "plaintiff" are to Mr. Dean, the state court plaintiff.

3

vacated the premises, but asked that the defendant return the $5,000.00 down payment. (Compl. ¶ 23). Defendant did not do so, and plaintiff claimed that defendant planned to breach the agreement and keep the down payment. (Compl. ¶ 32). Plaintiff's state court causes of action include a claim for specific performance of the installment purchase agreement (Compl. ¶¶ 1-27); a claim for damages based on the breach of contract (Compl. ¶¶ 28-29); and a claim for fraud in the inducement of the contract (Compl. ¶¶ 30-35). The complaint is signed and dated May 15, 2019. (Compl.) (Dkt. No. 2 CM/ECF p.8). The state court index number was purchased on the same day, and a notice of pendency regarding the property at issue was filed the same day. (*Id.* at CM/ECF p.1, 10-11). Defendant acknowledges in his NOR that the plaintiff's state court action was filed on May 15, 2019. (NOR at ¶ 1).

## II. Removal

### A. Legal Standards

A defendant is permitted to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original subject matter jurisdiction exists only if the plaintiff has alleged a claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "The standard for removal is stringent, and the 'removing party bears the burden of proof in establishing its right to a federal forum.'" *Sawyer v. Bernard*, No. 3:21-CV-00746 (AWT), 2021 WL 6931453, at *2 (D. Conn. June 30, 2021) (quoting *Treasurer of State of Connecticut v. Fortsmann*

4

*Little & Co.*, No. 3:02CV519 (JBA), 2002 WL 31455245 at *1 (D. Conn. Oct. 15, 2002)). "'In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Id.* (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the ***initial pleading setting forth the claim for relief upon which such action or proceeding is based***, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b).[4] "'Failure to file within the . . . filing period leads to an automatic defeat of the removal petition.'" *New York v. Vidal-Bey ex rel. Jones Rogers*, 2022 WL 2872668, at *2 (quoting *Murray v. Deer Park Union Free Sch. Dist.*, 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001) and (citing *Khakimova v. Acme Mkts. Inc.*, No. 20-CV-2734 (ARR), 2020 WL 5511537, *2 (E.D.N.Y. Sept. 14, 2020)).

**B.   Analysis**

**1.   Timeliness**

Defendant concedes that the original complaint in this action was filed in May of

---

[4] A case in which removal is based on diversity of citizenship may not be removed more than one year after commencement of the action, unless the court finds that "plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

5

2019.[5] Clearly, more than 30 days have passed since the service of the original complaint on the defendant. Although defendant believes that his 30 days began to run after the Appellate Division denied a motion that defendant filed,[6] he has misread the statute. Thus, the NOR is untimely on its face for an action based upon federal question jurisdiction.

Defendant also seems to claim that "diversity" jurisdiction exists because the "amount in controversy" exceeds $75,000.00. Defendant has only cited part of the requirements for diversity jurisdiction under 28 U.S.C. § 1332. The first basis for diversity jurisdiction is that the parties must be citizens of different states. *Id.* It is clear from the complaint that plaintiff and defendant are both citizens of New York State. Plaintiff confirms this in his Notice of Removal. (NOR ¶ 13). Thus, even if the amount in controversy exceeds the minimum amount listed in the statute, diversity jurisdiction does not exist in this case, and the extended time for filing a notice of removal does not apply.

In any event, the removal statute applicable to diversity cases provides that the notice must be filed within one year after the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(c). Defendant filed this NOR on September 27, 2022, more that ***two*** years after the complaint was served. Defendant does not claim that plaintiff's bad faith

---

[5] Plaintiff does allege that service was not proper, and the state court therefore had no basis or authority to proceed. (NOR ¶ 3).

[6] Defendant's Exhibit C is an order by the Appellate Division, Third Department, dated August 31, 2022, summarily denying a motion apparently filed by the defendant. Defendant believes that his 30 days to file a notice of removal began running on August 31, 2022.

6

prevented him from filing the NOR.[7]  Thus, this case may be remanded to New York State court based on timeliness alone.  On September 29, 2022, Judge Glenn T. Suddaby issued an Order to Show Cause in this case, requiring defendant to show cause why this action should not be remanded based upon timeliness.  Defendant will also have the opportunity to object to this Order and Report-Recommendation.  If the action is remanded based upon timeliness, the district court may not need to consider the rest of this recommendation.  However, timeliness is not the only basis for remand, and the court will proceed to consider the alternative bases for remand.

### 2.     Original Jurisdiction

As stated above, in order for removal to be proper, the court must have original jurisdiction of the state court civil action. Because there is clearly no diversity jurisdiction asserted, the court must look to whether federal question jurisdiction exists. This occurs where the ***plaintiff*** has alleged a claim "arising under the Constitution, laws, or treaties of the United States." *Sawyer v. Bernard*, 2021 WL 6931453, at *2. The court must have jurisdiction over the claims asserted in the complaint itself and must evaluate whether the plaintiff's complaint could have been brought originally in federal court. *Id.* (quoting *Home Depot U. S. A., Inc. v. Jackson*, __ U.S. __, 139 S. Ct. 1743, 1748 (2019)).

Removal cannot be based upon a federal defense or counterclaim, "'as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over

---

[7] Although the defendant complains that the plaintiff acted "in bad faith," he is referring to plaintiff's actions with respect to the contract, not with respect to defendants attempt at removal. (NOR ¶ 34).

the civil action.'" *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), and quoting *Home Depot U. S. A., Inc.*, 139 S. Ct. at 1748). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the ***plaintiff's properly pleaded complaint***." *Caterpillar Inc. v. Williams*, 482 U.S. at 392 (citing *Gully v. First National Bank*, 299 U.S. 109, 112–113 (1936)) (emphasis added). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

In this case, the defendant cites a multitude of federal statutes. However, the complaint in this action is not based upon any of those statutes. Plaintiff's case was a purely state law contract claim, including breach of the agreement and fraud in the inducement. The complaint cites no federal law or constitutional provisions. Contract actions are generally state law claims, "governed by state law standards and analyzed using the familiar elements applied in a New York breach of contract action." *Liana Carrier Ltd. v. Pure Biofuels Corporation*, 672 F. App'x 85, 92 (2d Cir. 2016). Contractual obligations, are inherently creatures of state law. *Eugene Iovine, Inc. v. City of New York*, No. 98 Civ. 2767, 1999 WL 4899, at *2 (S.D.N.Y. Jan. 5, 1999) (citing *Gully v. First National Bank in Meridian*, 299 U.S. 109, 115 (1939)). "[A] complaint alleging a violation of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986)).

Defendant clearly takes issue with how the state court handled plaintiff's

complaint, and asserts that his constitutional rights were violated as a result, particularly in view of the lis pendens[8] that was filed in state court relating to the property.[9] (*See* NOR ¶¶ 11-23). He spends a great deal of time complaining about the state court denying him rights and explaining his defense to the contract action. (*See* NOR ¶¶ 34-38). As a basis for removal, defendant claims that his federal rights were violated, the state courts have refused to hear his federal claims or enforce his federal rights, and the state courts have "misapplied the state *lis pendens* laws to [his] detriment." (*Id.*) These claims are essentially complaints about how the state courts have handled the plaintiff's action against him and do not relate to the basis for the plaintiff's state court claim, which was a state court contract claim against the defendant.[10] As stated above, the court may only determine whether the original complaint could have been brought in federal court.

---

[8] A lis pendens, also known as "notice of pendency," is described in N.Y. Civ. Prac. L & R § 6501. This lis pendens "acts as constructive notice to all subsequent purchasers or incumbrancers: 'A person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as if he were a party." *Id.* Because the result of the plaintiff's state court action could affect title to, the possession, use or enjoyment of, the subject real property, the plaintiff accompanied the action with a lis pendens.

[9] Defendant claims that "the State Court has inflicted several injuries upon Defendant by taking actions that violate provisions of the Constitution . . . and by not [sic] acting pursuant to an unconstitutional statute, or statutes, including those that provide equal protection, equal access, due process, and other rights . . . ." (NOR ¶ 34). These arguments do not change the fact that the original pleading is purely a state law contract action.

[10] Defendant has cited 28 U.S.C. § 1443, which governs the removal of civil or criminal actions in which the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." Although defendant claims that the state court will not "enforce" his rights, what he means is that the state court did not decide in his favor and apparently imposed sanctions upon his conduct. Defendant does not properly allege that he was denied the enforcement of a right under a *law* providing for the equal rights of citizens.

The cases cited by the defendant do not apply to support removal in this case. He cites *Tennessee v. Davis*, 100 U.S. 257 (1879), in which the Supreme Court found that a criminal or civil action brought in state court against an officer of the United States, while he was engaged in his official duties could be removed to federal court. *See also* 28 U.S.C. § 1442. The facts and holding of *Tennessee v. Davis* do not support removal by this defendant. He does not claim to be a federal official who was engaged in his official duties when the conduct which was the basis of the state court complaint occurred. To the extent that defendant claims that the Appellate Division denied him his rights by denying his motion, that does not provide a basis for removal jurisdiction.[11]

Defendant cites 42 U.S.C. § 1983, which provides a federal forum for claims that an person acting under color of state law violated the ***plaintiff's*** constitutional rights. Defendant is not a state actor, and section 1983 is not the basis of the original complaint. Defendant also cites two federal criminal statutes, 18 U.S.C. §§ 241 and 242. Section 241 criminalizes "conspiracies" against civil rights, and section 242 criminalizes the violation of civil rights by a defendant acting under color of law, based upon the plaintiff's nationality, color, or race. First, these statutes are totally unrelated to the original complaint, and in any event, the law is well settled that there is no private right of action based upon criminal statutes. *See Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) (no private right of action under 18 U.S.C. §§ 241 or 242).

---

[11] Defendant cites additional cases which do not support removal in this action. Defendant states that he is challenging the lis pendens statute and cites *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1 (1984). *Kirby* involves a lawsuit against the government over property rights. Clearly, *Kirby* does not apply to the defendant's situation.

Defendant cites 28 U.S.C. § 1452, which governs removal of bankruptcy cases and proceedings. There is no evidence of such issues in the original complaint. Thus, section 1452 does not apply to support the removal of Mr. Dean's civil action against this defendant. Defendant also cites 28 U.S.C. §§ 2241 and 2241, governing declaratory judgments. The Declaratory Judgment Act does not by itself confer federal subject matter jurisdiction. *Racer Properties, LLC v. National Grid USA*, No. 5:18-CV-1267 (DNH), 2022 WL 2577627, at *16 n.10 (N.D.N.Y. July 8, 2022) (citing *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006)).

Defendant cites "28 U.S.C. §§ 2281-84. (NOR at p.1). Sections 2281 and 2282 have been repealed, and section 2283 deals with a stay of state court proceedings. The section prohibits a federal court from granting an injunction, staying state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This section does not supply a basis for removal. Section 2284 governs the procedures for a "Three-judge court," and also does not provide a basis for removal.[12]

Finally, defendant cites 42 U.S.C. § 1971. This section has been transferred to 52 U.S.C. § 10101 and governs "voting" rights. This section is clearly not related to the complaint in the state court action and cannot support removal. Thus, the defendant has failed to properly assert a basis for removal, and the action must be remanded to New York State court.

---

[12] Defendant also cites 28 U.S.C. §§ 1147 and 1940. Neither of these sections exist, and while defendant may have made typographical errors, there is no other explanation of why he has cited these sections in the body of the NOR. Instead of section 1147, defendant may have meant to cite 18 U.S.C. § 1447 which governs procedures "after removal."

11

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendant's application to proceed IFP (Dkt. No. 3) is **GRANTED** only for purposes of his initial filing, and it is

**RECOMMENDED**, that this case be remanded to the Supreme Court, Rensselaer County based on timeliness and a lack of subject matter jurisdiction, and it is

**ORDERED**, that defendant's motion to obtain an ECF Login and Password (Dkt. No. 4) is **DENIED WITHOUT PREJUDICE AS MOOT**, and it is

**ORDERED,** that the Clerk of the Court shall serve a copy of this Order and Report-Recommendation on defendant Gaul in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 30, 2022

_____
Andrew T. Baxter
U.S. Magistrate Judge